FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GB AUCTIONS INC., a Washington corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>OLD REPUBLIC INSURANCE COMPANY, a Delaware corporation; and OLD REPUBLIC AEROSPACE INC., a Delaware corporation,<br><br>       Defendants. | No. 2:18-cv-00237-SMJ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

   Before the Court is Defendants Old Republic Insurance Company and Old Republic Aerospace Inc.'s Motion to Dismiss, ECF No. 8, and Plaintiff GB Auctions Inc.'s Motion for Partial Summary Judgment, ECF No. 11. These motions present one main issue: whether, under Washington state law, the parties' insurance contract contains an enforceable appraisal provision or an unenforceable binding arbitration provision. Defendants argue the provision at issue here requires appraisal, this requirement is enforceable, and the Court must dismiss the complaint because it fails to allege Plaintiff complied with this requirement. Plaintiff argues the provision at issue here requires binding arbitration, this requirement is unenforceable, and the

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT **-** 1

Court must grant partial summary judgment declaring this requirement void.

The Court held a hearing on these motions on January 8, 2019. ECF No. 21. In preparation for the hearing, the Court reviewed the record and relevant legal authority. At the conclusion of the hearing, the Court orally denied Defendants' motion and granted Plaintiff's motion. This Order memorializes and supplements the Court's oral ruling.

## BACKGROUND[1]

In November 2017, the parties executed a contract for Defendants to insure Plaintiff's 1998 Beech King Aircraft Model 200. ECF No. 1 at 3. The contract provides that if the aircraft suffers physical damage not amounting to total loss, Plaintiff may have a third party repair it and Defendants will pay the net cost of repairing it with material and parts of similar kind and quality. *Id.*

On January 23, 2018, the aircraft suffered partial physical damage while landing. *Id.* Plaintiff submitted an insurance claim to Defendants the next day. *Id.*

---

[1] In deciding Defendants' motion to dismiss, the only material facts are set forth in the complaint, ECF No. 1 at 3–9, and the contract, ECF No. 8-1 at 12. In deciding Plaintiff's motion for partial summary judgment, the only material facts are set forth in Plaintiff's evidence, ECF No. 10, and Defendants' evidence, ECF Nos. 17, 17-1 at 2. The above-cited portions of the record are consistent with each other, such that the material facts Defendants submitted do not conflict with the material facts Plaintiff submitted, and neither party disputes the other party's version of the facts. For ease, the Court recites these undisputed facts primarily by referencing the complaint, ECF No. 1 at 3–9, and the contract, ECF No. 8-1 at 12, even though other portions of the record establish those same facts.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

Plaintiff elected to have a third party repair the aircraft. *Id.* at 4. Plaintiff solicited repair cost estimates from three companies. *Id.* Plaintiff selected the median estimate and notified Defendants of its selection. *Id.* Defendants expressed their refusal to pay the estimated repair cost. *Id.* Instead, Defendants solicited their own repair cost estimates. *Id.*

The parties dispute the value of the insurance claim. *Id.* at 5. Plaintiff alleges that "[d]uring the dispute, [Defendants have] attempted to enforce a binding arbitration provision, in violation of Washington law." *Id.* That provision reads,

**Appraisal**

If there is damage or loss to your aircraft and we cannot agree with you on the amount of the loss, we will use the following procedure to settle the disagreement:

1. Either you or we can request in writing that the dispute be submitted to arbitration within 60 days of the time we receive your proof of loss. Each side will then select an appraiser and notify the other of that choice within 20 days of the initial request for appraisal.

2. The appraisers will select an impartial umpire who is experienced in valuing aircraft, their equipment and parts. If they cannot agree on an umpire within 15 days, either you or we can ask that a qualified umpire be appointed by a judge of the state or province where the property is located.

3. The appraisers will assess the loss for each item and submit any differences to the umpire. Agreement by any two of these three will determine the amount of the loss.

4. You will pay your appraiser and we will pay ours. Each will

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT **-** 3

share equally any other costs of the appraisal and the umpire.

ECF No. 8-1 at 12; *accord* ECF No. 10 at 3–4. Elsewhere, the contract provides, "[y]ou agree not to bring any suit or legal action against us to recover payment unless you have complied with the terms of this policy." ECF No. 8-1 at 23.

On July 27, 2018, Plaintiff sued Defendants, alleging breach of contract, insurance bad faith, and violations of the Insurance Fair Conduct Act and Consumer Protection Act. ECF No. 1 at 6–9.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), the Court must dismiss the complaint if it "fail[s] to state a claim upon which relief can be granted."

In deciding a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and draws all reasonable inferences in its favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). Thus, the Court must accept as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the Court may disregard legal conclusions couched as factual allegations. *See id.*

To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists where the complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Id.* Plausibility does not require probability but demands more than a mere possibility of liability. *Id.* While the complaint need not contain detailed factual allegations, threadbare recitals of a cause of action's elements, supported only by conclusory statements, do not suffice. *Id.* Whether the complaint states a facially plausible claim for relief is a context-specific inquiry requiring the Court to draw from its judicial experience and common sense. *Id.* at 679.

**B.     Federal Rule of Civil Procedure 56**

Under Rule 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The moving party has the initial burden of showing no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its burden, the nonmoving party must point to specific facts establishing a genuine dispute of material fact for trial. *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A genuine dispute of material fact is "one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). In deciding a Rule 56 motion, the Court does not weigh the evidence or assess credibility but, rather, believes the nonmoving party's evidence and draws all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

## DISCUSSION

### A. The provision at issue here is, under Washington state law, an unenforceable binding arbitration provision.

Under Revised Code of Washington ("RCW") § 48.18.200, "[n]o insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement . . . depriving the courts of this state of the jurisdiction of action against the insurer." RCW 48.18.200(1)(b). Further, "[a]ny such condition, stipulation, or agreement in violation of this section shall be void, but such voiding shall not affect the validity of the other provisions of the contract." RCW 48.18.200(2).

In 1974, the Washington State Court of Appeals, Division I, held "the policy provision concerning appraisal is not void under [RCW 48.18.200]." *Keesling v. W. Fire Ins. Co. of Fort Scott*, 520 P.2d 622, 625 (Wash. Ct. App. 1974). But in 2013,

the Washington State Supreme Court held "RCW 48.18.200 prohibits binding arbitration agreements in insurance contracts." *State v. James River Ins. Co.*, 292 P.3d 118, 123 (Wash. 2013). Here, the Court must decide whether the provision at issue is an enforceable appraisal provision or an unenforceable binding arbitration provision.

In *Keesling*, the insurance contract provided,

> Appraisal. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

520 P.2d at 623–24.

The state intermediate appellate court held this provision was not void under RCW 48.18.200 because it did not deprive Washington state courts of 'jurisdiction of action against the insurer.' *Id.* at 625. The *Keesling* court reasoned "[a]n appraisal provision provides a method for establishing the dollar value of damage sustained" but "the provision is not self-executing." *Id.* The *Keesling* court then explained, "if

the company does not pay the damages fixed by the appraisers, an insured must commence legal action, the appraisal must be confirmed by the court and judgment entered for the insured." *Id.* In the *Keesling* court's view, this meant "[t]he authority and control over the ultimate disposition of the subject matter remains with the courts." *Id.* Forty-five years later, *Keesling*'s continued validity is dubious.[2]

In *James River*, the insurance contract provided,

> Should we and the insured disagree as to the rights and obligations owed by us under this policy, including the effect of any applicable statutes or common law upon the contractual obligations otherwise owed, either party may make a written demand that the dispute be subjected to binding arbitration.

292 P.3d at 120.

The state supreme court concluded this provision was void under RCW 48.18.200 because it deprived Washington state courts of 'jurisdiction of action against the insurer.' *Id.* at 121, 123. The *James River* court began by noting it had previously "recognized a distinction between the court's jurisdiction in an original action as compared with the court's jurisdiction in a special proceeding to confirm an arbitration award." *Id.* at 122. In the latter type of case, the *James River* court

---

[2] "[W]hen, as here, 'there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state's intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it.'" *Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 851 F.3d 976, 982 (9th Cir. 2017) (quoting *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007)).

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

noted "the jurisdiction of the court is limited." *Id.* The *James River* court then interpreted RCW 48.18.200 "by looking at the entire phrase 'jurisdiction of action against the insurer.'" *Id.* at 123. According to the *James River* court, "this phrase demonstrates the legislature's intent to protect the right of policyholders to bring an original 'action against the insurer' in the courts of this state." *Id.* As the *James River* court reasoned, "the limited 'jurisdiction' provided in [an action reviewing an arbitration award], would frustrate the legislature's intent because . . . binding arbitration agreements deprive our state's courts of the jurisdiction they would normally possess in an original action by depriving them of the jurisdiction to review the *substance* of the dispute between the parties." *Id.* Thus, the *James River* court held "RCW 48.18.200 prohibits binding arbitration agreements in insurance contracts." *Id.* The Court is bound by *James River*'s holding and reasoning.[3]

The appraisal provision involved in *Keesling* is similar to the one here. *Compare* 520 P.2d at 623–24, *with* ECF No. 8-1 at 12. But here, the provision includes the following additional language that raises the specter of binding arbitration: "If there is damage or loss to your aircraft and we cannot agree with you on the amount of the loss, we *will* use the following procedure to *settle* the

---

[3] "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Teleflex*, 851 F.3d at 982 (quoting *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)).

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 9

disagreement: . . . [e]ither you or we can request in writing that the dispute be submitted to *arbitration* . . . ." ECF No. 8-1 at 12 (emphasis added). Like the provision involved in *James River*, the above-quoted language deprives Washington state courts of original jurisdiction over the substance of the parties' insurance dispute. *See* 292 P.3d at 120, 123. Unlike the provision involved in *Keesling*, the above-quoted language is self-executing because it establishes a mandatory settlement procedure that is triggered when a disagreement arises over the amount of loss, that decisively ends the dispute while foreclosing state courts' authority and control over its ultimate disposition, and that functions as a prerequisite to any possible legal action in state courts. *See* 520 P.2d at 625.

The provision here is problematic because it requires more than a mere advisory appraisal process. Indeed, the provision compels a form of binding arbitration that includes appraisal to guide the mandatory settlement procedure. Under that procedure, Washington state courts' involvement is limited to the time period after an appraisal award has already been made and is limited to deciding whether the appraisal award should be accepted as conclusive or rejected as the product of mistake, arbitrary or capricious action, or fraud.[4] In this way, the

---

[4] *See Lloyd v. Allstate Ins. Co.*, 275 P.3d 323, 328 (Wash. Ct. App. 2012) ("[A]n appraised award is conclusive as to the amount of loss."); *Black Mountain Ranch v. Black Mountain Dev. Co.*, 627 P.2d 1006, 1009 (Wash. Ct. App. 1981) ("The general rule is that in the absence of mistake, arbitrary or capricious action or fraud, the

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT **-** 10

1 provision deprives state courts of original jurisdiction over the substance of the
2 underlying insurance claim. Considering all, the Court concludes the provision at
3 issue here is an unenforceable binding arbitration provision.[5]

**B.     Plaintiff states an adequate claim upon which relief can be granted.**

Because the provision at issue here is void and unenforceable under state law, Plaintiff need not allege it complied with that provision. Therefore, Plaintiff states an adequate claim upon which relief can be granted.

**C.     Plaintiff is entitled to summary judgment on its allegation that the provision at issue here is void and unenforceable under Washington state law.**

Plaintiff has met its initial burden of showing no reasonable trier of fact could find in Defendants' favor. But Defendants have failed to identify specific facts establishing a genuine dispute of material fact for trial. Applying the above-described law to the undisputed facts, the Court concludes Plaintiff is entitled to

---

decision by . . . an appraiser is conclusive upon the parties. Only where the appraiser has proceeded upon a fundamentally wrong basis may the court ignore the appraiser's findings." (citations omitted)).

[5] It is true that this Court previously acknowledged the enforceability of appraisal provisions. *See Langley v. Geico Gen. Ins. Co.*, No. 1:14-cv-03069-SMJ, 2014 WL 11395159, at *2 n.3 (E.D. Wash. Dec. 8, 2014) ("Contracts for common-law appraisement are enforceable under Washington law." (quoting *Black Mountain*, 627 P.2d at 1009)). But that statement appears in dicta commenting on the prematurity of the plaintiff's challenge to the defendant's anticipated appraisal. *See id.* And in that case, the parties did not dispute the enforceability of their appraisal provision. *See id.* at *1. Therefore, that case has no bearing on the Court's analysis here.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT **-** 11

judgment as a matter of law on its allegation that the provision at issue here is void and unenforceable under state law.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 8**, is **DENIED**.
2. Plaintiff's Motion for Partial Summary Judgment, **ECF No. 11**, is **GRANTED**.
3. The provision entitled "**Appraisal**" in part 2 of the parties' insurance contract, **ECF No. 8-1 at 12; ECF No. 10 at 3–4**, is **void and unenforceable** under Washington state law.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 11th day of January 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge