FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 21, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GB AUCTIONS INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>OLD REPUBLIC INSURANCE COMPANY, a Delaware corporation; and OLD REPUBLIC AEROSPACE INC., a Delaware corporation,<br><br>Defendants. | No. 2:18-cv-00237-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Plaintiff GB Auctions Inc.'s Second Motion for Partial Summary Judgment, ECF No. 30. Plaintiff seeks partial summary judgment in its favor on the duty and breach elements of its claims for breach of contract and violation of the Insurance Fair Conduct Act ("IFCA"), Revised Code of Washington ("RCW") chapter 48.30. *Id.* at 16. Defendants Old Republic Insurance Company and Old Republic Aerospace Inc. oppose the motion. ECF No. 35.

The Court held a hearing on the motion on August 20, 2019. ECF No. 52. In preparation for the hearing, the Court reviewed the record and relevant legal authority. At the conclusion of the hearing, the Court orally granted in part and

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT **-** 1

denied in part the motion. This Order memorializes and supplements the Court's oral ruling.

## BACKGROUND

In November 2017, the parties executed a contract for Defendants to insure Plaintiff's 1998 Beech King Aircraft Model 200. ECF No. 1 at 3; ECF No. 6 at 3. In the contract, Defendants promised to Plaintiff that "[i]f your aircraft is damaged but is not a total loss or constructive total loss, and someone else makes repairs, we will pay for the net cost to you of repairing your aircraft with material and parts of a similar kind and quality, less any deductible that applies." ECF No. 31-1 at 49.

The contract provides, "**Proof.** If we ask, you agree to let us see any damaged property. You also agree to be questioned under oath by someone we choose, and to let us see all relevant records and invoices, or copies of these if the originals are lost." *Id.* at 64. Relatedly, the contract provides,

**Inspection and Audit**

You agree to let us inspect your property and operations at any reasonable time. These inspections are made for our benefit. You cannot use them as proof or as a guarantee by us that you comply with any safety, health, or legal regulation.

You also agree to let us examine the books and records you keep that concern the use, ownership, and maintenance of your aircraft. We can make these audits:

• Up to three years after the end of the policy period; or

• Until we settle all claims for losses.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT **-** 2

*Id.* at 62. Further, the contract provides, "**When we will pay.** We will pay for a covered loss within 30 days after we reach an agreement with you, or a final court judgment is entered, or an appraisal award is filed with us. But you must comply with all terms of this policy before we pay." *Id.* at 50.

In January 2018, the aircraft suffered partial damage while landing and Plaintiff submitted an insurance claim to Defendants. ECF No. 1 at 3; ECF No. 6 at 4. Plaintiff alleges that it elected to have a third party repair the aircraft. ECF No. 1 at 4; ECF No. 6 at 4. Plaintiff solicited repair cost estimates from three companies. ECF No. 1 at 4; ECF No. 6 at 4. Plaintiff alleges it determined the median estimate of $1,036,962 was the sum most likely to restore the aircraft to its prior condition while using material and parts of similar kind and quality. ECF No. 1 at 4; ECF No. 6 at 5. Plaintiff sent the repair cost estimate to Defendants. ECF No. 35-1 at 2, 84, 99–100. Defendants solicited their own repair cost estimates. ECF No. 1 at 4; ECF No. 6 at 5. Plaintiff declined Defendants' invitation for a joint inspection. ECF No. 35-1 at 3, 84.

On June 11, 2018, Defendants offered to settle Plaintiff's insurance claim for $314,338. ECF No. 35-1 at 4, 85, 92–93. The parties dispute the value of the insurance claim. ECF No. 1 at 5; ECF No. 6 at 6. Plaintiff alleges that "[d]uring the dispute, [Defendants have] attempted to enforce a binding arbitration provision, in violation of Washington law." ECF No. 1 at 5; ECF No. 6 at 6. That provision reads,

**Appraisal**

If there is damage or loss to your aircraft and we cannot agree with you on the amount of the loss, we will use the following procedure to settle the disagreement:

1. Either you or we can request in writing that the dispute be submitted to arbitration within 60 days of the time we receive your proof of loss. Each side will then select an appraiser and notify the other of that choice within 20 days of the initial request for appraisal.

2. The appraisers will select an impartial umpire who is experienced in valuing aircraft, their equipment and parts. If they cannot agree on an umpire within 15 days, either you or we can ask that a qualified umpire be appointed by a judge of the state or province where the property is located.

3. The appraisers will assess the loss for each item and submit any differences to the umpire. Agreement by any two of these three will determine the amount of the loss.

4. You will pay your appraiser and we will pay ours. Each will share equally any other costs of the appraisal and the umpire.

ECF No. 31-1 at 51.

Defendants admit they invoked this provision after Plaintiff retained counsel and threatened litigation. ECF No. 17-1; ECF No. 35-1 at 5. But Defendants' earlier settlement offer also said, "in the event that we do not agree that the repair of aircraft N928K can be conducted for the $314,338.00, then we respectfully direct you to the **Appraisal** conditions that are found on page 7 of your policy." ECF No. 35-1 at 92. Defendants did not require Plaintiff to use any particular facility to repair the aircraft. *Id.* at 5, 85.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT **-** 4

On July 27, 2018, Plaintiff sued Defendants, alleging, among other things, breach of contract and IFCA violation. ECF No. 1 at 6–9. On January 11, 2019, the Court ruled the above provision regarding appraisal is, under Washington law, an "unenforceable binding arbitration provision." ECF No. 23 at 6, 11.

**LEGAL STANDARD**

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The moving party has the initial burden of showing no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party must point to specific facts establishing a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

"[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must

introduce some 'significant probative evidence tending to support th[at party's case].'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252). If the nonmoving party fails to make such a showing for any of the elements essential to its case as to which it would have the burden of proof at trial, the Court should grant the summary judgment motion. *Celotex*, 477 U.S. at 322.

The Court must view the facts and draw inferences in the manner most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999). And the Court "must not grant summary judgment based on [its] determination that one set of facts is more believable than another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009).

**DISCUSSION**

**A. Plaintiff is entitled to partial summary judgment that Defendants anticipatorily breached their contractual duty to pay Plaintiff the net cost of third-party repairs to its aircraft.**

Plaintiff asks the Court to interpret its contract with Defendants. ECF No. 30 at 6–8. Defendants' arguments miss the mark and distract from this task. *See* ECF No. 35 at 7–14.

There is no genuine dispute that the contract permits Plaintiff to select "someone else [to] make[] repairs." ECF No. 31-1 at 49. Likewise, no genuine dispute exists as to whether Plaintiff's preferred repairs would use "material and

parts of a similar kind and quality." *Id.* No genuine dispute exists regarding the proper interpretation of the provisions on "[p]roof" and "[i]nspection and [a]udit." *Id.* at 62, 64. And no genuine dispute exists as to "[w]hen [Defendants] will pay" or the amount of "any deductible that applies." *Id.* at 49–50.

The only question is the meaning of the unambiguous phrase, "we will pay for the net cost to you of repairing your aircraft." *Id.* at 49. This phrase's meaning is plain on its face: Defendants must pay for the net cost to Plaintiff of repairing its aircraft. Because Plaintiff's anticipated repairs would use material and parts of a similar kind and quality, Defendants must pay Plaintiff the net cost of third-party repairs to its aircraft, if and when Plaintiff incurs those costs with its chosen repair facility. Defendants' repudiation of this contractual duty was an anticipatory breach of it.

An anticipatory breach "generally gives rise to a claim for damages for breach of contract even though it is not accompanied or preceded by a breach that would otherwise constitute nonperformance." 25 David K. DeWolf et al., *Washington Practice Series: Contract Law and Practice* § 10:22 (3d ed. 2018 update) (citing *Bakotich v. Swanson*, 957 P.2d 275, 278 (Wash. Ct. App. 1998)). "[A]n anticipatory breach occurs when one of the parties to a bilateral contract either expressly or impliedly repudiates the contract prior to the time of performance." *Wallace Real Estate Inv., Inc. v. Groves*, 881 P.2d 1010, 1019

(Wash. 1994). "A party's intent not to perform may not be implied from doubtful and indefinite statements that performance may or may not take place." *Id.* "Rather, an anticipatory breach is a positive statement or action by the promisor indicating distinctly and unequivocally that he either will not or cannot substantially perform any of his contractual obligations." *Id.* (internal quotation marks omitted).

Here, Defendants committed an anticipatory breach through a positive statement that Plaintiff's options were to "agree that the repair of aircraft N928K can be conducted for the $314,338.00" or else trigger the unenforceable "**Appraisal** conditions that are found on page 7 of your policy." ECF No. 35-1 at 92. This, combined with Defendants' corresponding positive conduct, indicated distinctly and unequivocally that they would not voluntarily pay for the net cost to Plaintiff of repairing its aircraft at its chosen facility. But if that were not enough, Defendants subsequently sent a letter they said "shall constitute [their] rejection of the Insured's proof of loss." ECF No. 17-1 at 3.

No genuine dispute of material fact exists and Plaintiff is entitled to judgment as a matter of law on the duty and breach elements of its breach-of-contract claim.

**B. Plaintiff fails to meet its initial burden in support of partial summary judgment that Defendants violated IFCA.**

Plaintiff argues Defendants committed a *per se* IFCA violation by "[f]ailing to make a good faith effort to settle a claim before exercising a [purported] contract right to an appraisal." Wash. Admin. Code § 284-30-330(18); *see* ECF No. 30 at 8–

15. Plaintiff premises its argument on a legal misunderstanding. *See* ECF No. 30 at 9 (relying on *Merrill v. Crown Life Ins. Co.*, 22 F. Supp. 3d 1137, 1148 (E.D. Wash. 2014), *disagreed with by Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 481 & n.3, 483 (Wash. 2017)).

"IFCA does not create an independent cause of action for regulatory violations." *Perez-Crisantos*, 389 P.3d at 483. Instead, IFCA creates a cause of action for "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer." RCW 48.30.015(1). The regulatory violation Plaintiff alleges would, if established, entitle it to increased damages as well as attorney fees and costs. RCW 48.30.015(2)–(3), (5)(a). But Plaintiff does not move for partial summary judgment on the issue of remedies; rather, it asks the Court to declare that Defendants' alleged regulatory violation constitutes a *per se* IFCA violation.[1] *See* ECF No. 30 at 16. Because a *per se* IFCA violation cannot be established through a regulatory violation, Plaintiff fails to show it is entitled to judgment as a matter of law on this claim.

Accordingly, **IT IS HEREBY ORDERED**:

Plaintiff's Second Motion for Partial Summary Judgment, **ECF No.**

---

[1] For the first time in its reply brief, Plaintiff argues Defendants violated IFCA by "unreasonably den[ying] a claim for coverage or payment of benefits." RCW 48.30.015(1). The Court declines to consider this argument because Defendants did not have an opportunity to respond to it except orally at the motion hearing.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT **-** 9

**30**, is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 21st day of August 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge